**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALBERTO SALINAS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **EP-21-CV-00031-DCG-ATB** |
| **MARTIN O'MALLEY**, *in his official* | § | |
| *capacity as Commissioner of the Social* | § | |
| *Security Administration,* | § | |
| | § | |
| *Defendant.* | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Previously in this case, United States Magistrate Judge Anne T. Berton issued a Report and Recommendation[1] on Plaintiff's Attorney Ronald D. Honig's "Petition to Obtain Approval of a Fee for Representing a Social Security Claimant,"[2] which was filed pursuant to 42 U.S.C. § 406(b).  In that Report and Recommendation, which details the background of this case in greater detail, Judge Berton recommended that Mr. Honig's Petition be granted in part and denied in part.[3]

Specifically, Judge Berton recommended that his Petition "[be] granted as to Honig's request for approval of an award under § 406(b) and denied as to his request for award in the amount of $20,000, in full."[4]  Judge Berton instead recommended that "Counsel Honig be awarded $15,412.50 in attorney's fees to be certified for payment out of Plaintiff Alberto Salinas's past-due benefits held by the [] Commissioner for such purposes and that Counsel Honig be ordered to return

---

[1] R. & R., ECF No. 29.

[2] Pet. Att'y Fees, ECF No. 23.

[3] R. & R. at 20.

Citations refer to the page numbers assigned by the Court's CM/ECF system rather than the document's internal pagination.

[4] *Id.* (emphasis omitted).

to [Plaintiff] Salinas $4,553.26, which Counsel previously received under the [Equal Access to Justice Act ('EAJA')]".[5]

Mr. Honig objected to Judge Berton's Report and Recommendation.[6]  In his objection, Mr. Honig

(1)     argued that "the Magistrate Judge failed to consider the factor of 'issue recognition' in determining the reasonableness of petitioner's request for an attorney fee";[7]

(2)     objected "to certain errors in the Magistrate Judge's recommendation"[8]; and

(3)     argued that Judge Berton's suggestion "that the results were not fully favorable for the Plaintiff" and that "Plaintiff's benefits may be discontinued in a year" was speculative.[9]

Mr. Honig thus asked that the Court "reject the recommendation of the United States Magistrate Judge, grant Plaintiff's Motion for attorney fees for representing a social security claimant under 42 U.S.C. Section 406(b), and award an attorney fee of $20,000.00 in this matter."[10]

## APPLICABLE LAW

### A.  Standard for Reviewing Report and Recommendations

When a party files timely written objections to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[11]  After

---

[5] *Id.* (emphasis omitted).

[6] Obj., ECF No. 30.

[7] *Id*. at 3-4.

[8] *Id*. at 5-6.

[9] *Id*. at 6-7.

[10] *Id*. at 7.

[11] 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3); *United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a '*de novo* determination,' rather than *de novo* hearing, Congress intended to

completing its review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[12]

As to other portions—that is, the unobjected-to portions—of the magistrate judge's report and recommendation, the district court reviews the report and recommendation for clear error, an abuse of discretion, or conclusions that are contrary to law.[13]  "A factual finding is clearly erroneous when, based on the evidence as a whole, [the court is] left with the definite and firm conviction that a mistake has been made."[14]

Here, there is no dispute that Mr. Honig is entitled to some fee for his success in representing Plaintiff.[15]  The question before the Court is merely *how much* Mr. Honig is entitled to.[16]  Accordingly, the Court reviews Judge Berton's recommended award amount under § 406(b) *de novo*.

As an initial matter, Judge Berton correctly indicated that "[b]ecause this Court previously granted Honig's EAJA fee petition for the amount he then requested . . ., [the Court] implicitly [found] that the hours expended [on this case] were reasonable."  The Court agrees with Judge Berton's determination that, as a result, "the only task for the Court on this posture is to assess the reasonableness of the effective hourly rate."[17]

---

permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.").

[12] 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

[13] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

[14] *Realogy Holdings Corp. v. Jongebloed*, 957 F.3d 523, 530 (5th Cir. 2020) (quotations omitted).

[15] *See* R. & R. at 20 (recommending that the Court grant Mr. Honig's Petition as to his "request for approval of an award under § 406(b)").

[16] *See id.* (recommending that the Court deny Mr. Honig's request for an award in the amount of $20,000 in full and instead recommending that Mr. Honig be awarded $15,412.50).

[17] *Id.* at 13-12.

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action."[18]  Relevant here, Section 406(b), which governs the award and collection of attorney's fees for the representation of claimants in court, provides that

> Whenever a court renders a judgment favorable[19] to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.[20]

Generally, "[a]ttorneys often obtain these fees from their clients pursuant to a contingency-fee agreement."[21]  An award under Section 406(b) "must be reasonable" and "is limited to 25% of the claimant's award of past-due benefits."[22]  Thus, a contingency fee agreement is "unenforceable to the extent that [it] provide[s] for fees exceeding 25 percent of the past-due benefits."[23]  In the instant matter, Plaintiff and Mr. Honig entered into a contingency fee agreement.[24]  Pursuant to that agreement, Plaintiff agreed to pay Mr. Honig twenty-five percent of any past-due benefits awarded to him if his claims received a favorable decision.[25]  Having now received that favorable decision,

---

[18] *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011).

[19] *See Jeter v. Astrue*, 622 F.3d 371, 375 n.3 (5th Cir. 2010) ("For purposes of § 406(b), a successful decision on remand is considered a favorable decision before the district court.").

[20] 42 U.S.C. § 406(b)(1)(A).

[21] *Murkeldove*, 635 F.3d at 788.

[22] *Id.*

[23] *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

[24] *See* R. & R. at 4 n.16 (citing to a copy of the parties' Contingency Fee Contract).

[25] *See id.* at 4 ("Pursuant to the agreement, Salinas agreed, in relevant part, as follows: 'If a favorable decision is issued in his claims . . . following an order of remand issued by . . . a Federal Court, the fee will be 25% of the past-due benefits payable to Salinas.'" (cleaned up) (citing to an exhibit containing a copy of the parties' Contingency Fee Contract)).

Mr. Honig asks that the Court grant his request for $20,000 in attorney's fees from the $84,457.90 past-due benefits awarded to Plaintiff;[26] Mr. Honig's request does not exceed the twenty-five percent statutory ceiling.[27]  Thus, because the contingency fee agreement does not provide for fees exceeding twenty-five percent of Plaintiff's past-due benefits, the contract complies with § 406(b) and is not facially unenforceable.

However, a fee award within the twenty-five percent statutory ceiling still requires "the attorney for the successful claimant [to] show that the fee sought is reasonable for the services rendered."[28]  In determining the reasonableness of a § 406(b) fee, the Supreme Court in *Gisbrecht v. Barnhart* instructed courts to give contingency fee agreements "primacy."[29]  The existence of a contingency fee agreement, however, does not by itself prove a fee award is reasonable.  Rather, the *Gisbrecht* Court suggested that even where a contingency fee agreement exists, certain circumstances—which, for instance, may be "based on the character of the representation and the results the representative achieved"—may warrant reducing an attorney's recovery.[30]

Specifically, the Supreme Court suggested that a downward adjustment may be appropriate where (1) "the attorney is responsible for delay . . . so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court" or where (2) "the benefits are

---

[26] *See* Pet., ECF No. 23, at 3.

[27] $20,000 is 23.68 percent of $84,457.90.

[28] *Gisbrecht*, 535 U.S. at 807; *id.* ("§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.")

[29] *See id.* at 808 ("Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."); *see also, e.g.*, *Jeter*, 622 F.3d at 379 ("It is clear that the *Gisbrecht* Court first instructed our lower courts to give the contingency fee agreement 'primacy'—recognizing that this would in some instances result in an excessively high fee award to an individual attorney—and justifying this potential for excessively high fees on the basis that § 406(b) is not a fee-shifting statute." (referencing *Gisbrecht*, 535 U.S. 789 (2002))).

[30] *Gisbrecht*, 535 U.S. at 808.

large in comparison to the amount of time counsel spent on the case" such that a fee award based on the contingency-fee agreement would be a "windfall[] for lawyers."[31]  Because there is no indication that Mr. Honig is responsible for any delay in this case,[32] the Court turns to whether Mr. Honig's requested fee would be a windfall.

In *Jeter v. Astrue*, the Fifth Circuit provided guidance on *Gisbrecht*'s "windfall" jurisprudence in concluding that "the *Gisbrecht* Court's reference to windfall leaves room for consideration of an effective hourly fee rate, but only so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him."[33] The *Jeter* court thus made clear that when assessing whether a contingency fee results in an unreasonable windfall, courts "are not to rely exclusively" on the lodestar method."[34]  Rather, courts "may [only] consider the lodestar in their analyses so long as [they] can articulate *additional* factors demonstrating that the excessively high fee would result in an unearned advantage."[35]  The

---

[31] *Id.*

[32] R. & R. at 13 (explaining that "the record does not indicate that Honig is responsible for any delay during the pendency of the case before the Court").

[33] *Jeter*, 622 F.3d at 380.

[34] *Id.*

[35] *Id.* (emphasis added); *see also id.* at 381 ("[T]he district court must discuss the factors that demonstrate that the success on appeal is not of the attorney's making, but rather, is attributable to some other source for which it would be unreasonable to compensate the attorney."); *id.* at 381 (citing *Gisbrecht*, 535 U.S. at 808 for the proposition that "the reasonableness § 406(b) inquiry requires courts to assess whether the contingency fee reflects 'the character of the representation and the results the representative achieved'").

*See also La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (indicating that under lodestar method of calculating attorney's fees, "the district court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers").

*Jeter* court, however, explicitly declined "limiting courts' consideration of what constitutes a windfall to some exhaustive list" of factors.[36]

Still, the Fifth Circuit provided some guidance as to the factors a district court may consider when evaluating whether the requested fee is an unearned windfall. Specifically, the *Jeter* court cited the following factors with approval:

i.   risk of loss in the representation

ii.  experience of the attorney

iii. percentage of the past-due benefits the fee constitutes

iv.  value of the case to a claimant

v.   degree of difficulty; and

vi.  whether the client consents to the requested fee.[37]

The Court now considers Mr. Honig's effective hourly fee rate and the aforementioned *Jeter* factors to determine whether Mr. Honig's requested fee is reasonable.

## ANALYSIS

After independent review of the relevant factors mentioned above, the Court finds that a downward adjustment of Mr. Honig's requested fee is warranted to avoid an unreasonable windfall for counsel.

In his Petition, Mr. Honig's request for a fee award of $20,000.00 is based on the 20.55 hours of work he performed on Plaintiff's case in federal court—indicating an effective hourly rate of $973.23 per hour.[38] While Mr. Honig "does not normally charge fees on an hourly basis," he

---

[36] *See Jeter*, 622 F.3d at 382.

[37] *See id.*

[38] Pet. at 7.

states in his Affidavit that his "usual hourly rate for Social Security work . . . [is] $375 per hour."[39]
Mr. Honig's requested fee of $973.23 per hour is thus at least 2.5 times greater than his standard
hourly rate.[40]  Moreover, courts in this District have recently found a non-contingent hourly rate of
$300 for fees awarded under § 406(b) to be "on the high end for attorneys."[41]  Specifically, Judges
in this particular Division (*i.e.*, in the El Paso Division of the Western District of Texas) have found
hourly rates of $300-$325 to be reasonable for attorneys with over 25 years of experience.[42]  Thus,
Mr. Honig's request for $20,000 yields an effective hourly rate of $973.24, which is approximately
three times the reasonable hourly rate under the lodestar method.  However, while an "excessively
high hourly rate alone does not render an otherwise reasonable fee unreasonable,"[43] a court may
consider an attorney's effective hourly rate in performing its windfall assessment so long as the
court also "articulates additional factors demonstrating that the excessively high fee would result in
an unearned advantage."[44]  Thus, even though Mr. Honig's requested fee thus appears excessively

---

[39] *Id*. at 16.

[40] *Id*. at 9 ("Petitioner is requesting an attorney fee at the rate of $973.23 per hour for services
rendered to the Plaintiff before this Honorable Court, which is 2.95 times the applicable hourly rate.").

*See Gisbrecht*, 535 U.S. at 808 (indicating that an attorney's "normal hourly billing charge for
noncontingent-fee cases" may be used "as an aid to the court's assessment of the reasonableness of the fee
yielded by the fee agreement").

[41] *See, e.g.*, *Thompson v. Kijakazi*, No. 3:16-01246, 2023 WL 3491756, at *5 (W.D. La. May 1,
2023); *see also Panos v. Berryhill*, No. EP-17-CV-00220-ATB, 2019 WL 2368684, at *3 (noting that an
attorney seeking § 406(b) fees provided that "the average hourly rate for an El Paso attorney is $281.00").

[42] R. & R. at 19; *see also id.* at 19 n.60 (citing cases).

[43] *Panos*, 2019 WL 2368684, at *2 (cleaned up) (quoting *Jeter*, 622 F.3d at 382).

[44] *Id.* (cleaned up) (quoting *Jeter*, 622 F.3d at 380).

high and unreasonable, the Court may not rely solely on the lodestar method in making its reasonableness determination.[45]  The Court thus looks at the other factors provided in *Jeter*.

### i.      Risk of Loss

"[C]ourts have consistently recognized that there is a substantial risk of loss in civil actions for social security benefits."[46]  This factor thus weighs in favor of finding Mr. Honig's requested fee reasonable.

### ii.      Experience of the Attorney

According to his Affidavit, Mr. Honig has over 40 years of experience in social security matters whereby he has "drafted well over 3,000 administrative law judge opinions in Social Security disability cases as well as in non-disability cases."[47]  Mr. Honig's experience thus also weighs in favor of finding his requested fee reasonable.[48]

### iii.      Percentage of the Past-Due Benefits

As discussed above, Plaintiff and Mr. Honig entered into a contingent-fee agreement.[49] Pursuant to that agreement, any attorney's fees paid to Mr. Honig by Plaintiff depended on Plaintiff's claims receiving a favorable federal court decision.  Specifically, if Plaintiff received such a decision, he agreed to pay a portion (twenty-five percent) of the resulting award of past-due benefits to Mr. Honig.

---

[45] *See Jeter*, 622 F.3d at 374 ("Because we read *Gisbrecht* as merely forbidding *exclusive* reliance on the lodestar method to determine the reasonableness of a 42 U.S.C. § 406(b) attorney fee, we do not conclude that *Gisbrecht* precludes a court's consideration of the lodestar method altogether.").

[46] *See e.g.*, *Silves H. v. Kijakazi*, No. 3:22-CV-286-K-BK, 2023 WL 9102228, at *2 (N.D. Tex. Dec. 18, 2023), *report and recommendation accepted by* 2024 WL 56989 (N.D. Tex. Jan. 4, 2024).

[47] *See* Pet. at 14-16.

[48] *See Jeter*, 622 F.3d at 372 (noting that courts may consider attorney experience and skill in determining the reasonableness of the fee).

[49] *See* Fee Agreement, ECF No. 23-3, at 2.

As an initial matter, "the existence of [the parties'] contingent-fee agreement reflects at least some indication that Plaintiff consented to the fees" that Mr. Honig now seeks to collect.[50] Moreover, "[t]he requested fees do not exceed either the amount contracted for in the parties' contingency fee agreement or the 25% limitation of 42 U.S.C. § 406(b)."[51]  Taken together, this factor does not weigh against finding Mr. Honig's request reasonable.

### iv.      Value of the Case to the Claimant

While the award of $84,457 in past-due benefits is undoubtedly a value to Plaintiff, Judge Berton correctly noted in her Report and Recommendation that Plaintiff may not be entitled to *future* benefits because Plaintiff's disability is expected to improve in the future.[52]  Because this factor (the value of the case to the claimant) takes into account both past-due benefits and any *future* benefits, this factor weighs against finding Mr. Honig's request reasonable.

---

[50] *Bonnie B. v. Saul*, No. 3:19-cv-01328-B-BT, 2021 WL 1990184, at *2 (N.D. Tex.), *report and recommendation accepted by* 2021 WL 1987531 (N.D. Tex. May 18, 2021).

[51] *Foster v. Astrue*, No. H-09-173, 2011 WL 4479087, at *1 (S.D. Tex. Sept. 26, 2011); *see also Jeter*, 622 F.3d at 382.

In her Report and Recommendation, Judge Berton "construe[d] the administrative notice of award as suggesting that the total amount of past-due benefits is $84,457.90." R. & R. at 11 n.36. Mr. Honig objects to Judge Berton's conclusion. *See* Obj. at 5-6. Rather, Mr. Honig argues that Plaintiff is owed $113,286 in past-due benefits. *Id.*  However, for the purposes of this Order, Mr. Honig's argument regarding the amount of past-due benefits is of no matter.  While the amount of past-due benefits *is* relevant to determining whether Mr. Honig's requested fee falls within the twenty-five percent statutory ceiling, Judge Berton correctly notes that, assuming the amount of past-due benefits is $84,457.90, "the requested fee amount of $20,000 constitutes 23.7% of the total past-due benefits." R. & R. at 11 n.36. Therefore, "to the extent that the total amount of past-due benefits is an amount greater than $84,457.90," as argued by Mr. Honig, "the requested fee amount would still fall within the statutory cap." *Id.*

Thus, for the purposes of this factor, Mr. Honig's request for $20,000 is less than twenty-five percent of the past-due benefits awarded to Plaintiff.  This is true regardless of if the Court adopts Judge Berton's calculation or Mr. Honig's opposing calculation.  Thus, Mr. Honig's request falls within the parties' contracted fee agreement and the statutory ceiling set forth in § 406(b).

[52] *See* R. & R. at 17; *see also* Notice Award, ECF No. 23-2, at 6 ("The doctors and other trained personnel who decided that you are disabled expect your health to improve.  Therefore, we will review your case in May 2024.  We will send you a letter before we start the review.  Based on that review, your benefits will continue if you are still disabled, but will end if you are no longer disabled.").

**v.    Degree of Difficulty**

Likewise, the degree of difficulty of the case weighs against finding the fee request reasonable.  In this case, Judge Berton correctly noted that "[t]he sole issue presented for review was that the Acting Commissioner erred at step five of the sequential process for disability evaluation in finding that other jobs exist in significant numbers in the national economy."[53] Notably, Mr. Honig does not dispute that this was the sole issue presented for review.  Rather, he argues that "the Magistrate Judge failed to consider the factor of 'issue recognition' in determining the reasonableness of petitioner's request for an attorney fee."[54]  However, Mr. Honig does not point to any authority that requires this Court to consider an attorney's ability to recognize issues when considering this *Jeter* factor or when determining whether a requested fee is reasonable. Thus, given the limited issue Mr. Honig presented for review, the Court finds that this factor weighs against finding Mr. Honig's request reasonable.[55]

Therefore, after careful consideration of all the factors listed above and the relevant case law in this circuit, the Court finds that the fee requested by Mr. Honig is excessively high and constitutes an "unearned advantage."  Given the potential for Plaintiff's future benefits to cease (thus diminishing the value of the case) and the relative difficulty of the case (especially for an attorney as experienced in this area as Mr. Honig),[56] the Court cannot justify awarding Mr. Honig

---

[53] *See* R. & R. at 16.

[54] Obj. at 4-5.

[55] *See Trussel v. Commissioner of Social Sec. Admin.*, No. 3:10-CV-2169-L, 2013 WL 5738630, at *4 (N.D. Tex. Oct. 22, 2013) (indicating that other courts have found that "an hourly rate of more than $500 per hour is a high rate not ordinarily awarded . . . even for the most complex types of litigation" (cleaned up) (quoting *McDermott v. Astrue*, No. H-04-1866, 2010 WL 599186, at *4 (S.D. Tex. Feb. 17, 2010))).

[56] *See id.* (adopting the Magistrate Judge's finding that "due to counsel's skill, this Court cannot say that the issues presented in this case were particularly complex or difficult.  In fact, the case was remanded because the ALJ failed to properly consider medical opinion evidence, an issue which is commonly presented to this Court").

$973.23 per hour even in light of the factors that favor his request. A downward adjustment is thus necessary to avoid a windfall to counsel.

Upon independent consideration and review of the record, pleadings, applicable law, and the Magistrate Judge's findings and conclusions, the Court determines that an effective hourly rate of $750 (which is two times Mr. Honig's non-contingent hourly fee rate of $375) is reasonable. This rate is also reasonable in light of the Court's lodestar calculation above. Accordingly, the Court confirms that Judge Berton's findings and conclusions are correct and thus accepts and adopts them as those of this Court.

The Court approves Mr. Honig's request in part; Mr. Honig's request for attorney's fees is thereby granted in the amount of $15,412.50 ($750 multiplied by 20.55 hours).

<u>**CONCLUSION**</u>

The Court **ACCEPTS** Judge Berton's Report and Recommendation (ECF No. 29) **IN WHOLE** and **OVERRULES** Mr. Honig's Objections (ECF No. 30).

The Court thus **GRANTS IN PART** and **DENIES IN PART** Mr. Honig's "Petition to Obtain Approval of a Fee for Representing a Social Security Claimant" (ECF No. 23).

Mr. Honig **SHALL BE AWARDED** the amount of **$15,412.50** in attorney's fees to be certified for payment out of Plaintiff Alberto Salinas's past due benefits held by the Commissioner for such purposes.

Mr. Honig is thereby further **ORDERED** to **RETURN** the funds he previously received under the EAJA in the amount of **$4,553.26** to Plaintiff Alberto Salinas.

**So ORDERED and SIGNED this 28th day of August 2024**.

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**